# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRITTANY BORDER**, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | Judge |
| vs. | **COLLECTIVE ACTION COMPLAINT** |
| **SYKES ENTERPRISES, INC.**, | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Brittany Border ("Representative Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendant Sykes Enterprises, Inc. ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), on behalf of herself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Representative Plaintiff's claims occurred in this District and Division.

## PARTIES

5. Representative Plaintiff is an adult individual residing in Trinway, Ohio, in Muskingum County.

6. Within the three years preceding the filing of this Action, Representative Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

7. At all relevant times, Representative Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

8. Defendant Sykes Enterprises Inc. is a for-profit North Carolina corporation.

9. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Representative Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Representative Plaintiff's written Consent to Join this Action is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

13. Defendant provides telephone-based customer service solutions to its customers.

14. Within the last three years, Representative Plaintiff was employed by Defendant as a remote customer service representative, working from her home. In this role, Representative Plaintiff provided telephone-based customer service to customers of a credit card company that hired Defendant to provide customer service solutions.

15. Other similarly situated employees were employed by Defendant as remote customer service representatives, and also provided telephone-based customer service to customers of companies that hired Defendant to provide customer service solutions.

16. While Defendant's titles for these employees varied somewhat, they all performed substantially similar primary job duties for Defendant – remote telephone-based customer service.

17. Representative Plaintiff and other similarly situated employees were classified by Defendants as non-exempt employees under the FLSA.

18. Representative Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

19. Representative Plaintiff and other similarly situated employees were paid on an hourly basis.

20. Representative Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, numerous software applications, and phone systems.

21. These systems and software applications included logging into Microsoft Windows, a Virtual Private Network or VPN, software that manages phone calls, a customer information system, a scheduling tool, and an email application.

22. Booting up and logging into the computer systems and numerous software applications required entering unique and frequently changing passwords for each of the numerous programs.

23. By common policy and practice, Plaintiff and other similarly-situated employees were required to have their computers booted up and have several applications running before the start of

their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

24. This process typically took 7-10 minutes per day, assuming that there were no technical issues.

25. Defendant arbitrarily failed to count this work performed by Representative Plaintiff and other similarly-situated employees as "hours worked."

26. Representative Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

27. This unpaid work performed by Representative Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

28. There was no practical administrative difficulty of recording this unpaid work of Representative Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems, applications, and phone systems.

29. Booting up their computers constituted the first principal activity of the workday for Representative Plaintiff and other similarly-situated employees. As such, under the continuous workday rule, Representative Plaintiff and other similarly-situated employees should have been paid from that time until they performed their last principal activity of the day.

30. This unpaid work performed by Representative Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

31. Moreover, this unpaid work was an integral and indispensable part of the principle job activities performed by Representative Plaintiff and other similarly-situated employees. They could

not perform their work without booting up and logging into Defendant's computer systems, applications, and phone systems.

32. Defendant knowingly and willfully failed to pay Representative Plaintiff and other similarly-situated inbound call-center representatives for starting and logging into Defendant's computer systems, numerous software applications, and phone systems.

33. As a result of Representative Plaintiff and other similarly-situated employees not being paid for all hours worked, Representative Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

34. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

36. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former hourly, non-exempt remote telephone customer service employees of Sykes Enterprises, Inc. who were required to boot up and log in to their computers and software programs prior to the start of their shift, but were not paid for that time at any time during the three (3) years preceding the date of the filing of this Action to the present**.

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Representative Plaintiff, numerous current and former employees are

similarly situated with regard to their claims for unpaid wages and damages. Representative Plaintiff seeks to represent those other employees and are acting on behalf of their interests as well as her own in bringing this action.

38. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

39. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Representative Plaintiff and other similarly situated employees were not paid for time spent booting up their computers and logging in to the various software systems that were integral and indispensable to the performance of their primary duties.

41. Representative Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

42. Defendant's practice and policy of not paying Representative Plaintiff and other similarly situated employees for time spent booting up their computers and logging in to the various software systems that were integral and indispensable to the performance of their primary duties resulted in Defendant's failure to pay Representative Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

43. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

44. As a result of Defendant's practices and policies, Representative Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Representative Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the Opt-In Plaintiffs who join this case pursuant to 29 U.S.C. § 216(b);

C. Award Representative Plaintiff and the putative class actual damages for unpaid wages;

D. Award Representative Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Representative Plaintiff and the putative class;

E. Award Representative Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F. Award Representative Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G. Award Representative Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle
*Counsel for Plaintiff*